IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | PLAINTIFF |
| V. | Civil No. 1:11-cv-348-HSO-RHW |
| $25,000.00, UNITED STATES CURRENCY, and 2004 Acura MDX | DEFENDANT PROPERTY |

## ORDER GRANTING GOVERNMENT'S MOTIONS [13][14] TO STRIKE PLEADINGS AND DISMISS WITH PREJUDICE REYES RODRIGUEZ'S UNSUPPORTED CLAIM TO THE DEFENDANT PROPERTY

BEFORE THE COURT are two Motions [13][14], filed by the United States of America ("Government") to Strike Pleadings and Dismiss, pursuant to Rule G(8)(c)(i)(A) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules"). The Government's Motions assert that Interested Party, Reyes Rodriguez, Jr.'s, Answer should be stricken and his potential claim dismissed, because he has no standing to contest the forfeiture of the Defendant Property. Mr. Rodriguez has not responded to the Government's Motions. Having reviewed the Motions, the record and pleadings on file, and the relevant legal authorities, the Court concludes that Mr. Rodriguez has no standing to contest the forfeiture. The Government's Motions [13][14] should be granted.

## I. FACTS AND PROCEDURAL HISTORY

On September 20, 2011, the Government filed a Verified Complaint for In Rem Forfeiture [1] pursuant to 21 U.S.C. § 881 and 18 U.S.C. § 981(a)(1)(A), seeking seizure and forfeiture of $25,000.00, in United States currency, and one 2004 Acura MDX VIN 2HNYD18924H546567 ("Defendant Property"). According to

the Complaint,

> [t]he Defendant Property consists of $25,000.00, in United States currency and One 2004 Acura MDX VIN 2HNYD18924H546567 seized from Wilton Manuel Hernandez and Victor Manuel Plasencia-Ramirez on or about March 17, 2011, in a traffic stop on U.S. Interstate 59 southbound at mile marker 27, Pearl River County, Mississippi. The Defendant Property is presently in the custody of the United States Marshal's Service.
> . . .
> The Defendant Property is subject to forfeiture pursuant to 21, United States Code, Sections [sic] 881 because it constitutes 1) money, negotiable instruments, securities or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of the Controlled Substances Act; 2) proceeds traceable to such an exchange; and 3) money, negotiable instruments, and securities, used or intended to be used to facilitate a violation of the Controlled Substances Act; and pursuant to Title 18, United States Code, Section 981(a)(1)(A) because it was involved in a violation of Title 18, United States Code, Sections 1956, 1957 and 1060; and pursuant to Title 31, United States Code, Section 5332(c) because it was involved in a violation of Title 31, United States Code, Section 5332(a).

Compl. [1] at p. 2.

Also on September 1, 2011, the Government filed a Notice of Action and Arrest of Property [4], directed to Mr. Rodriguez, Mr. Hernandez, and Mr. Plascencia-Ramirez. On October 31, 2011, Mr. Rodriguez filed an Answer and Affirmative Defenses [6], claiming an interest in the Defendant Property and contending that he is an innocent owner of the Property, who did not know or consent to its illegal use. Answer [6] at p. 1.

On December 7, 2011, the Court entered a Case Management Order [9]. On December 28, 2011, the Government served Mr. Rodriguez with its First Set of Special Interrogatories and First Set of Request for Production of Documents.

Notices of Service [10][11]. Mr. Rodriguez did not respond to the Special Interrogatories within the requisite twenty one (21) day period. FED. R. CIV. P. G(5)(b). He also did not respond to the Request for Production of Documents within the requisite thirty (30) day period. FED. R. CIV. P. 34(b)(2)(A). On May 23, 2012, the Government filed a Motion to Compel [12] Mr. Rodriguez's responses to discovery. The Magistrate Judge, by Text Order, ordered Mr. Rodriguez to respond to the discovery by May 31, 2012, and to file a notice of such service with the Court. Mr. Rodriguez did not comply with the Order, and the docket reflects that he has, to date, not provided responses to discovery.

On June 1, 2012, the Government filed a Motion [13] to Strike Mr. Rodriguez's Answer and to Dismiss his Claim, on grounds that he has not filed a Verified Claim, as required by Supplemental Rule G(5). On July 17, 2012, the Government filed a second Motion [14] to Strike Mr. Rodriguez's Answer and Dismiss, on grounds that he has not responded to discovery, as required by Supplemental Rule 6. The Government contends that Mr. Rodriguez has no standing to contest the forfeiture, and that his Answer should be stricken and his potential claim dismissed.

On September 6, 2012, a settlement conference was held by the Magistrate Judge. Mr. Rodriguez did not appear at the conference. On September 6, 2012, the Magistrate Judge ordered Mr. Rodriguez to show cause by September 17, 2012, why his Answer should not be stricken and his claim dismissed. Order to Show Cause [15] at p. 2. On September 18, 2012, Mr. Rodriguez's counsel filed a Motion to

Withdraw [16] and Response [17] to the Order to Show Cause, indicating that Mr. Rodriguez has significant medical, financial, and domestic issues, and that he and Mr. Rodriguez have substantial differences of opinion regarding how the suit should proceed.[1]  On October 11, 2012, the Magistrate Judge granted the Motion to Withdraw.  Order Granting Motion to Withdraw as Attorney [21].

A settlement conference was scheduled for December 5, 2012.  In a November 9, 2012, email, Mr. Rodriguez notified the Magistrate Judge of his intention to proceed *pro se*.  He filed a Motion to Continue [22] the settlement conference, on grounds that he had undergone surgery, which prevented him from traveling to the Court from this home in Freeport, New York.  The Magistrate Judge found that Mr. Rodriguez had submitted sufficient proof as to his medical condition and inability to travel, and scheduled a telephonic settlement conference for December 12, 2012.  Mr. Rodriguez participated in the telephonic settlement conference, but the parties did not settle.  The Government's Motions to Strike Pleadings and Dismiss are now before the Court.

## II. DISCUSSION

"A party seeking to challenge the government's forfeiture of money or property used in violation of federal law must first demonstrate an interest sufficient to satisfy the court of its standing to contest the forfeiture." *United States*

---

[1]Counsel maintained that he "had been unsuccessful in communicating the magnitude of complying with discovery deadlines and other issues . . . ." Resp. [17] to Order to Show Cause.

*v. $321,470.00, United States Currency,* 874 F.2d 298, 303 (5th Cir. 1989). "The claimant must come forward with some evidence of his ownership interest in order to establish standing to contest a forfeiture action." *United States v. One 18th Century Columbia Monstrance,* 797 F.2d 1370, 1374-75 (5th Cir. 1986). "[A] bare assertion of ownership in the *res*, without more, is inadequate to prove an ownership interest sufficient to establish standing." *United States v. $38,570, United States Currency,* 950 F.2d 1108, 1112 (5th Cir. 1992).

A claimant must establish two types of standing in order to contest a governmental forfeiture action: (1) statutory standing, which is established by complying with the Supplemental Rules; and (2) constitutional standing by demonstrating at least a facially colorable interest in the property at issue. *United States v. One Parcel of Real Property,* No. 3:97-CV-96WS, 46 F. Supp. 2d 572, 580-82 (S.D. Miss. March 4, 2008). Rule G of the Supplemental Rules requires a claimant to file a verified claim. FED. R. CIV. P. G(5)(a). The claim must : (1) identify the specific property claimed; (2) identify the claimant and state the claimant's interest in the property; (3) be signed by the claimant under penalty of perjury; and (4) be properly served on the appropriate government attorney. FED. R. CIV. P. G(5)(a)(i). "The courts have taken a severe stance against a claimant who has not properly and timely perfected a verified claim in a forfeiture proceeding." *One Parcel of Real Property*, 46 F. Supp. at 582*; see United States v. Real Property Located at 4301 Gateway,* 123 F.3d 312, 313 (5th Cir. 1997)(upholding district court dismissal for

failure to timely file verified claim); *United States v. $38,570, United States Currency,* 950 F.2d 1108, 1115 (5th Cir. 1992); *United States v. One Piper Navajo PA-31 Aircraft,* 748 F.2d 316, 319 (5th Cir. 1984)(dismissal for failure to file a verified claim or to move to amend and provide verification). "'The filing of a claim is a *prerequisite* to the right to file an answer and defending on the merits.'" *Cactus Pipe & Supply Co., Inc. v. M/V Montmartre,* 756 F.2d 1103, 1114 (5th Cir. 1985)(emphasis supplied)(citing 7A J. Moore, Moore's Federal Practice ¶ C.16 at 700.13). The Supplemental Rules also require a claimant to answer the Government's special interrogatories. FED. R. CIV. P. G(6). "At any time before trial, the government may move to strike a claim or answer: (A) for failing to comply with Rule G(5) or (6), or (B) because the claimant lacks standing." FED. R. CIV. P. G(8)(b).

Mr. Rodriguez has not filed a verified claim. His deadline for filing a claim expired over one year ago. He has not responded to the Government's special interrogatories or requests for production of documents. The deadline for responding to this discovery expired nearly eleven months ago. The Magistrate Judge provided Mr. Rodriguez an opportunity to respond to the Government's discovery out of time, but Mr. Rodriguez has not responded to the Government's discovery. He has offered no evidence that he has an ownership in the Defendant Property. His bare assertion of ownership, contained in his Answer, is inadequate to establish standing. Mr. Rodriguez has not established that he has statutory or constitutional standing to contest the forfeiture. His Answer [6] should be stricken,

and his potential claim dismissed with prejudice. The Government's Motions [13][14] should be granted.

### III. CONCLUSION

Because Mr. Rodriguez has not established that he has statutory or constitutional standing to contest the forfeiture, his Answer should be stricken, and his potential claim dismissed with prejudice.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Government's Motion [13] to Strike Pleadings and Dismiss, pursuant to Rule G(8)(c)(i)(A) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, is **GRANTED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the Government's second Motion [14] to Strike Pleadings and Dismiss, pursuant to Rule G(8)(c)(i)(A) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, is **GRANTED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the Answer [6], filed by Interested Party, Reyes Rodriguez, is **STRICKEN**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Interested Party, Reyes Rodriguez's unsupported claim to the Defendant Property, is **DISMISSED WITH PREJUDICE**.

**SO ORDERED AND ADJUDGED**, this the 18th day of December, 2012.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE